IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Evans, | ) | C/A No.: 1:15-4953-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant complaint

seeking review of a decision of the Social Security Administration ("SSA") under 42

U.S.C. § 405(g). For the reasons that follow, the undersigned orders that the case be

dismissed without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed a complaint on December 15, 2015, alleging that the Commissioner

denied his claim for Social Security disability benefits on July 13, 2015, and failed to

respond to an appeal he filed on July 21, 2015. [ECF No. 1]. Plaintiff failed to allege in

his complaint that he had exhausted all administrative remedies. *Id.* The pretrial

proceedings in this case were referred to United States Magistrate Judge Shiva V. Hodges

pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule

73.02(B)(2)(a) (D.S.C.). The Magistrate Judge issued a proper form order and special

interrogatories on January 4, 2016, requiring that Plaintiff bring the case into proper form

by January 28, 2016. [ECF No. 10]. Plaintiff failed to bring the case into proper form,

and the Magistrate Judge issued a second proper form order on February 2, 2016. [ECF No. 13]. Plaintiff subsequently filed answers to the court's special interrogatories and attached exhibits on February 16, 2016. [ECF Nos. 15, 15-1, 15-2, 15-3, 15-4].

In Plaintiff's answers to the court's special interrogatories, he indicated he had not appeared before an Administrative Law Judge for a hearing in his claim and had not received a final determination from the Social Security Administration. [ECF No. 15]. The exhibits included notices of disapproved claims dated July 13, 2015, and July 15, 2015, that informed Plaintiff that he had 60 days to file a written appeal by completing a "Request for Reconsideration" form and filing it with any Social Security office. [ECF Nos. 15-2 at 3, 15-4 at 2]. Plaintiff also attached proof that he filed both the "Request for Reconsideration" form and a letter appealing his decision on July 21, 2015. [ECF Nos. 15-1, 15-3].

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying court fees. To protect against possible abuses of this privilege, the statute provides that the court shall dismiss the case at any time if it determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). The court may find that the claim is frivolous if the complaint lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Neitzke v. Williams*, 490

2

U.S. 319 (1989) (dismissal under 28 U.S.C. § 1915 is proper if the legal theory or the factual contentions lack an arguable basis).

*Pro se* complaints should not be scrutinized with such technicality as to defeat meritorious claims. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (1978). The district court must liberally construe *pro se* complaints to allow potentially meritorious cases to proceed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court's duty to liberally construe *pro se* complaints does not allow the court to "ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Sawasky v. Commissioner of Social Sec. Admin.*, No.: 1:12-156-RMG-SVH, 2012 WL 1702059, at *2 (D.S.C. Apr. 26, 2012), *adopted by* 2012 WL 1715381 (May 15, 2012), citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

The complaint seeks relief that the court may deem appropriate based on the SSA's refusal to respond to Plaintiff's administrative appeal. [ECF No. 1 at 1].

The specific terms under which the SSA may be sued are set forth in 42 U.S.C. § 405(g), as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

42 U.S.C. § 405(g). "On its face § 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *see also Weinberger v. Salfi*,

422 U.S. 749, 764 (1975) (holding § 405(g) grants district courts subject matter jurisdiction to hear only those cases that are "final" and "made after a hearing"). "[A] failure to exhaust all administrative appeal remedies in a Social Security disability claim results in no final decision by the Commissioner and 'thus no jurisdiction for judicial review on the merits of [the claimant's] disability claim . . . ." *Blair ex rel. I. L. B. v. Astrue*, No. 8:11-2099-RMG, 2012 WL 1019334 (D.S.C. Mar. 26, 2012).

Pursuant to 20 C.F.R. §§ 404.900(a) and 416.1400(a), the administrative review process consists of the following four steps: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) Appeals Council review. These steps must be followed in order and within the prescribed time period before the federal court may exercise subject-matter jurisdiction. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). The notices of disapproved claims are initial determinations under 20 C.F.R. §§ 404.900(a)(1) and 416.1400(a)(1). *See* ECF Nos. 15-2, 15-4. Plaintiff followed the administrative review process to the reconsideration step.[1] *See* ECF Nos. 15-1, 15-3. However, Plaintiff admits that he has not taken the third and fourth administrative steps. *See* ECF No. 15 at 1.

The record contains no final decision from the Commissioner, and Plaintiff has failed to exhaust all required administrative steps for the court to exercise subject matter

---

[1] Plaintiff alleges that, as of December 15, 2015, the SSA had not responded to his request for reconsideration. [ECF No. 1 at 1]. Pursuant to 20 C.F.R. §§ 404.922 and 416.1422, the SSA is required to mail notice of the reconsidered determination to the claimant at his last known address, to state the specific reasons for the determination, and to inform the claimant of the right to a hearing. It is unclear from the record whether Plaintiff's appeal for reconsideration is still pending or if a notice of the reconsideration decision was issued, but not received by Plaintiff.

4

jurisdiction. Therefore, the court orders that the case be dismissed without prejudice and

without issuance and service of process.

IT IS SO ORDERED.

February 24, 2016
Charleston, South Carolina

Richard Mark Gergel
United States District Judge