IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Evans, ) | |
| ) | Civil Action No. 1:15-4953 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |
| _____) | |

This matter comes before the Court following a vacating of this Court's earlier order by the United States Court of Appeals for the Fourth Circuit to determine whether Plaintiff, proceeding *pro se*, had a plausible claim for a writ of mandamus because the "administrative process normally available is not accessible." *Evans v. Commissioner of Social Security*, No. 16-1392, 2016 WL 6575081 (4th Cir. Nov. 7, 2016). This Court thereafter directed the Commissioner to produce all documents associated with Plaintiff's application for disability benefits to determine whether Plaintiff's access to the administrative processes of the Social Security Administration was in any way obstructed or impaired. (Dkt. No. 47). The Commissioner filed the requested documents on February 10, 2017. (Dkt. No. 54). Meanwhile, following remand, Plaintiff moved for leave to file an amended complaint to add claims against his former employer, Exel Inc., under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. (Dkt. No. 42).

This matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claim under 42 U.S.C. 405(g) be dismissed without prejudice and the motion to amend be denied as futile. (Dkt. No. 43). For reasons set forth below, the Court dismisses Plaintiff's complaint under 42 U.S.C. § 405(g) without prejudice and grants the motion for leave to file an amended complaint against his former employer under ERISA.

**Factual Background**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on June 25, 2015 and another application for Supplemental Security Income ("SSI") on July 8, 2015. Plaintiff's 2015 DIB application was denied on July 13, 2015 because he did not have a sufficient work history to be eligible for DIB. His 2015 application for SSI benefits was denied on July 15, 2015 because he made too much income. (Dkt. Nos. 54 at 1-2; 54-1; 54-3). Plaintiff thereafter timely filed a request for reconsideration of the denial of his DIB application on July 21, 2015. (Dkt. No. 54-4). Plaintiff received no response to his request for reconsideration concerning his DIB application and filed his appeal with this Court on December 15, 2015. (Dkt. No. 1). This Court summarily dismissed the appeal by order dated February 29, 2016 because of Plaintiff's failure to first exhaust administrative remedies within the Social Security Administration. (Dkt. No. 18). Plaintiff, still proceeding *pro se*, appealed this Court's order of summary dismissal. By order dated November 7, 2016, the Fourth Circuit agreed that Plaintiff's appeal was not appropriate because of his failure to exhaust administrative remedies but vacated the district court's order to determine on remand whether there might be a proper basis of the issuance of a writ of mandamus. *Evans*, 2016 WL 6575081 at *1.

As previously mentioned, this Court issued an order to the Commissioner to produce all documents related to Plaintiff's Social Security disability applications to determine if he had access to the normal administrative processes. (Dkt No. 47). The Commissioner responded on February 10, 2017 by filing a memorandum and by producing documents related to four separate applications for disability benefits submitted by Plaintiff in 2015 and 2016. The Commissioner advised the Court that Plaintiff's 2016 applications for DIB and SSI were presently being processed administratively at the request to reconsider stage. The Commissioner indicated that the Plaintiff's 2015 SSI application had been denied and no request for reconsideration was filed by Plaintiff. (Dkt. No. 54 at 1-2).

In regard to the Plaintiff's 2015 DIB application, the Court was informed for the first time that there was a legitimate issue regarding the Social Security Administration's processing of this request for reconsideration. The Commissioner explained that the Plaintiff's request for reconsideration "was mistakenly sent to the incorrect processing center" and went unaddressed. (*Id.* at 2). This error was discovered in the course of the Commissioner preparing a response to the Court's order of January 18, 2017. The Court was further informed that upon discovering this processing error, the agency promptly addressed the request for reconsideration and denied that request by a notice dated January 27, 2017. Plaintiff was advised in writing and by telephone communication that he had a right to request an administrative hearing regarding the denial of his 2015 DIB application. (*Id.*)

Plaintiff's motion for leave to file an amended complaint seeks to assert ERISA claims against his former employer, Exel, Inc. Plaintiff challenges a decision by his former employer to deny him long term disability benefits and to terminate his medical insurance. (Dkt. No. 42).

## Discussion

### A.   Plaintiff's Entitlement to a Writ of Mandamus

Under normal circumstances, a claimant seeking Social Security disability benefits must exhaust his administrative remedies before filing an appeal with the district court. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).  An exception exists where access to the normal administrative processes is denied to the claimant.  In this Court's experience, a writ of mandamus would rarely be justified against the Social Security Administration since the agency consistently processes applications for benefits, requests for reconsideration, and requests for administrative hearings.  The more common concern is the speed in which these claims are processed, a subject which this Court has raised in a number of prior orders.

Quite fortunately, the Plaintiff persisted in his efforts to be heard on his 2015 DIB application, which led to the unexpected discovery that his request for reconsideration was misplaced by the Social Security Administration.  This issue has now been remedied by the Social Security Administration addressing Plaintiff's request for reconsideration and noticing the right to review at an administrative hearing.  The record before the Court shows no similar problem regarding Plaintiff's 2015 SSI application or his 2016 DIB and SSI applications.  Consequently, any request for mandamus relief is now mooted by the Social Security Administration's recent actions.

In the absence of any present evidence denying Plaintiff access to the normal administrative processes, Plaintiff's appeal must be dismissed since he has not exhausted his administrative remedies.  If Plaintiff continues to contest the denial of his 2015 DIB application

after a final agency decision, he will then be entitled to an appeal to the district court. Therefore, Plaintiff's claim under 42 U.S.C. § 405(g) should be dismissed without prejudice.

### B.  Plaintiff's Motion for Leave to Amend his Complaint

A party is entitled to amend his complaint once as a matter of course within 21 days after service of the complaint. Fed. R. Civ. P. 15(a)(1). Plaintiff's motion for leave to file an amended complaint fell within the 21 period. An exception exists if the complaint on its face demonstrates that the amendment is without legal merit and would be an act of futility. *United States v. Pittman*, 209 F. 3d 314, 317 (4th Cir. 2000). The complaint of a *pro se* litigant, "regardless of how inartfully pled," should be liberally construed to allow a potentially meritorious case to proceed.

Plaintiff's proposed amendment seeks to assert an ERISA claim against his former employer, Exel, Inc. Liberally construed, Plaintiff appears to allege in the proposed amended complaint that the denial of long term disability coverage and the discontinuance of medical insurance violated his rights under ERISA. (Dkt. No. 42 at 4). The pleading is bare bones and fails to address whether Plaintiff has exhausted the administrative procedures provided in the employer's ERISA plan or the specific basis for the alleged ERISA violations. However, under the relaxed standards for *pro se* pleading, the Court declines to summarily deny the amendment. Instead, the Court concludes that the better course is to grant the motion to amend and to allow

the employer-defendant to make appropriate motions under Fed. R. Civ. P. 12(b) if the defendant believes that the complaint as amended is legally deficient.[1]

## Conclusion

Based upon the foregoing, Plaintiff's claim against the Commissioner of Social Security under 42 U.S.C. § 405(g) is dismissed without prejudice. Plaintiff's motion for leave to file an amended complaint is granted. This matter is recommitted to the Magistrate Judge for further handling of pretrial matters.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court

Charleston, South Carolina
February 27, 2017

---

[1] Plaintiff's amended complaint also alleges that the initial denial of his Social Security disability claim was wrongly decided by the agency because of the failure to consider the amount of Plaintiff's temporary disability income and failure to give proper weight to the findings of the South Carolina Workers Compensation Commission in Plaintiff's workers compensation claim. (Dkt. No. 42 at 5). These issues go to the merits of Plaintiff's Social Security disability claim and must first be submitted to the agency for determination for a final determination before being addressed by the district court on appeal.