IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Reginald D. Evans, | ) | Civil Action No. 1:15-4953-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Exel Inc., | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendant's motion to dismiss, which the Court converted into a motion for summary judgment, be granted. For the reasons set forth below, the Court adopts the Report and Recommendation and grants summary judgment for Defendant.

I. **Background**

Plaintiff, formerly a forklift operator employed by Defendant, suffered a workplace injury on February 21, 2015. On January 22, 2016, Plaintiff filed an employment discrimination action against Defendant, asserting claims of discrimination based on age and disability. *Evans v. Exel Inc.*, No. 0:16-cv-00215-TLW-JDA (D.S.C.). On May 16, 2016, the South Carolina Workers' Compensation Commission found Plaintiff had a "permanent partial disability." (Dkt. No. 81-1 ¶ 10.) On August 12, 2016, Plaintiff, represented by counsel, settled his employment discrimination claims against Defendant. (Dkt. No. 95-2 at 3–8.) Plaintiff agreed to release Defendant from any claims arising from or relating to his employment with Defendant in consideration of $10,000.

On June 1, 2017, Plaintiff, now proceeding *pro se*, filed an amended complaint in the present action, which commenced as an action against the Commissioner of Social Security for disability benefits. The amended complaint asserts ERISA claims against Defendant. Specifically,

Plaintiff alleges that his claim for long-term disability benefits was improperly denied, that Defendant did not pay social security payroll taxes while Plaintiff was on medical leave, and that Defendant improperly terminated Plaintiff's medical insurance. (*See* Dkt. No. 81-1.) Defendant moved to dismiss based on the release contained in the settlement agreement. After notice to the parties, the Court converted the motion to dismiss to a motion for summary judgment. (*See* Dkt. No. 101). The Magistrate Judge recommended granting the converted motion for summary judgment on September 29, 2017. Plaintiff filed timely objections to the Report and Recommendation.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

Defendant argues the settlement agreement released Defendant from Plaintiff's claims. The settlement agreement provides that Plaintiff

> knowingly and voluntarily waives, releases, and discharges Exel from any and all claims, liabilities, demands, and causes of action, known and unknown, which Evans has or may have against Excel as of the date Evans executes this Settlement Agreement, including, without limitation, any and all claims arising out of or relating to Evans's employment with Exel . . . .

> . . . Evans covenants not to file a complaint, claim, or cause of action in or with an court or administrative bod or agency concerning his employment with Exel or any event, action, or conduct that occurred prior to or on the date Evans executes this Settlement Agreement.

(Dkt. No. 95-2 at 4.) Plaintiff argues the settlement agreement did not release Defendant from his claim for long-term disability benefits because (1) Defendant cannot use the settlement agreement as evidence; (2) the settlement agreement is illegal because it purports to release an ERISA claim; (3) the Settlement Agreement is void because it conflicts with a prior South Carolina Workers' Compensation Commission order; (4) Defendant breached the settlement agreement; and (5) the settlement agreement only applies to the age and disability discrimination claims Plaintiff brought in *Evans v. Exel*, 0:16-215-TLW-JDA.

The Court agrees with the Magistrate Judge's determination that each argument is without merit. Plaintiff's evidentiary argument is without merit because Defendant is not introducing the settlement agreement to show an admission of wrongdoing. It is well established that parties may voluntarily release ERISA claims. *Dist. 29, United Mine Workers v. New River Co.*, 842 F.2d 734, 737 (4th Cir. 1988). Plaintiff does not identify any provision of the settlement agreement that Defendant allegedly breached. The settlement agreement covers any claim arising from Plaintiff's employment with Defendant without exception. Plaintiff has not provided any facts suggesting that Defendant has violated the May 12, 2016 order of the South Carolina Workers' Compensation Commission. That order orders Defendant and Defendant's workers compensation carrier, New Hampshire Insurance Company, to pay Plaintiff 35% disability as a lump sum payment of $23,928.05 and, additionally, to "pay for causally related future medical treatment in the form of . . . nerve pain medication as prescribed." (Dkt. No. 99-1 at 7–8.) Plaintiff's ERISA claims against Defendant in this action do not appear to be relevant to the worker' compensation order. But even if Plaintiff could show Defendant has violated the workers' compensation order, the

Commission has power to enforce its orders. Federal court is not the appropriate forum to seek enforcement of state workers' compensation commission orders. If Plaintiff alleges Defendant violated an order of the Commission, he should place that allegation before the Commission.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 111) as the Order of the Court and **GRANTS** Defendant's converted motion for summary judgment (Dkt. No. 95). Plaintiff's motion for summary judgment (Dkt. No. 110) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 6, 2017
Charleston, South Carolina